GARNETT W. AND DOROTHY M. NEIL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Neil v. Commissioner
Docket No. 26310-83.
United States Tax Court
T.C. Memo 1985-520; 1985 Tax Ct. Memo LEXIS 111; 50 T.C.M. (CCH) 1254; T.C.M. (RIA) 85520; October 2, 1985. Garnett W. Neil and Dorothy M. Neil, pro se. Miles D. Friedman, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Addition to Tax
Year
Deficiency
Sec. 6653(a) [1]
1980
$3,344
$172.15
1981
3,413
170.65
*112 The issues for our decision are: 1) whether petitioners are entitled to a charitable contribution deduction under section 170 for amounts purportedly paid to the Universal Life Church of Modesto, California (ULC); (2) whether petitioners are liable for an addition to tax for negligence under section 6653(a); and (3) whether damages should be awarded to the United States pursuant to section 6673. None of the facts have been stipulated. For convenience and to facilitate disposition of this case, we have combined our findings of fact and opinion. Petitioners Garnett W. and Dorothy M. Neil were married and were legal residents of San Diego, California at the time they filed their petition in this case. Petitioners filed timely Federal income tax returns for the taxable years 1980 and 1981. During the taxable years at issue petitioner Garnett W. Neil (Neil or petitioner) was employed as an electrical engineer by the State of California. Petitioner Dorothy M. Neil was not employed during this time. Petitioners' Federal income tax return for 1980 was misplaced by respondent prior to trial. Respondent attempted to reconstruct petitioners' income in 1980 by questioning petitioner *113 at trial. Neil denied having kept a copy of the return and proved to be uncooperative in reconstructing his income. Neil stated that he did not remember the exact amount of his income in 1980, nor did he remember the amount of charitable contributions claimed. Respondent's witness, Revenue Agent Nicholas Castro (Castro) testified that he audited petitioners' 1980 Federal income tax return. Based on his report of that audit Castro testified that petitioners reported taxable income on their 1980 return in the amount of $13,367 after claiming a deduction of $14,000 as a charitable contribution to the Universal Life Church. Castro's report recommended denial of that $14,000 charitable contribution deduction and determined that petitioners' taxable income for 1980 was $27,367. These figures conform to the figures used by respondent in determining a deficiency in petitioners' income tax for the year 1980 in the amount of $3,344.00. On their tax return for 1981 petitioners reported net income of $11,584 after deducting $14,800 as a charitable contribution to Universal Life Church, Inc. In his notice of deficiency for 1981 respondent determined that the claimed deduction of $14,800 *114 was not allowable and as a result there was a deficiency in petitioners 1981 income tax in the amount of $3,413.00. Denial of the charitable contribution deductions mentioned above were the only adjustments made by respondent in the notice of deficiencies for the tax years here involved. Petitioners are not unfamilar with this Court. Deficiencies were determined against petitioners for the taxable years 1977, 1978 and 1979 for amounts claimed as deductions for contributions made to their local chapter of the ULC. Petitioners filed a petition in this Court and a decision was rendered denying their charitable contribution deductions because petitioners refused, based upon a First Amendment claim, to testify about the nature of their church's activities or its membership. Neil v. Commissioner,T.C. Memo. 1982-562, affd. in unpublished opinion 730 F.2d 768 (9th Cir. 1984). We stated in Neil that petitioners had totally failed to carry their burden of proving that they had made any contributions to ULC. Petitioners have again refused to offer any evidence to prove that respondent erred in denying the deductions for charitable contributions to ULC *115 in either 1980 or 1981, or to otherwise carry their burden of proof. At trial Neil was very uncooperative in assisting respondent in the reconstruction of his 1980 Federal income tax return. Neil also refused to offer any evidence to support his deduction for contributions made to ULC. Instead, Neil referred to portions of the Internal Revenue Service Manual [2] that discuss a taxpayer's Fourth and Fifth Amendment rights. [3] When instructed by this Court that he, Neil, still had the burden of proof to substantiate his claimed deductions and to overcome respondent's determinations, Neil stated that based upon his Fourth and Fifth Amendment rights as discussed in the IRS Manual, he did not have to produce any evidence and that the Court could contact the ULC in Modesto to find out the amounts of the contributions. *116 Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). An important corollary to this principle is that it is the taxpayer's burden to establish that he is entitled to the deductions claimed. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). This burden also includes substantiating the amounts of the deductions claimed. Hradesky v. Commissioner,65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); Fellrath v. Commissioner,T.C. Memo. 1981-476. Section 170(a)(1) explicitly provides that a charitable contribution shall be allowable as a deduction only if verified under the prescribed regulations. The regulations provide that the district director may require statements from donee organizations to corroborate claimed contributions. Section 1.170A-1(a)(2)(iii), Income Tax Regs. In the instant case petitioner stated that he made cash payments to the ULC and he received receipts therefore. He failed to produce any of these receipts, asserting his privilege against self-incrimination. We find petitioner's testimony to be *117 vague, evasive and unbelievable. We also find that he has failed to carry his burden of proof. See, e.g., DiPierri v. Commissioner,T.C. Memo. 1984-498; Stillman v. Commissioner,T.C. Memo. 1984-481. We therefore sustain respondent's determination denying petitioners' deductions for charitable contributions. Petitioner also bears the burden of proof in regard to the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. He has presented no evidence to refute respondent's determination. Therefore, we sustain respondent's addition to tax. Finally, we think that an award of damages to the United States pursuant to section 6673 is proper. Petitioners' actions in this case were intended to delay the proceeding. They had claimed similar deductions on their returns for 1977, 1978 and 1979 which this Court denied. Neil v. Commissioner,supra.Neil failed to produce a copy of petitioners' 1980 income tax return, claiming that it had been lost, which we find hard to believe in light of his continuing litigation with respondent with regard to his income tax liabilities. Neil refused *118 to assist respondent in reconstructing his income. He was generally uncooperative and evasive. In addition, petitioner has appeared in this Court previously with similar arguments and was aware of the fact that such arguments were not considered meritorious by this Court. He was also advised by this Court in this proceeding that the Courts had decided numerous other cases based on similar arguments against other taxpayers. He was therefore on notice that his arguments were frivolous and without merit. We therefore award damages to the United States under section 6673 in the amount of $3,000. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the taxable years at issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner introduced several exhibits into evidence including those portions of the IRS manual along with a U.S. District Court opinion dealing with the issue of a taxpayer's deductions for contributions made to his local chapter of the ULC and several other items. Respondent objected to these exhibits on relevancy grounds. At this them, we sustained respondent's objection. ↩
3. Prior to the trial of this case, petitioners filed a "MEMORANDUM IN SUPPORT OF PETITIONER'S RIGHT TO A GRANT OF IMMUNITY BEFORE BEING COMPELLED, OR PENALIZED, FOR REFUSING TO PRODUCE POTENTIALLY INCRIMINATING INFORMATION AGAINST HIMSELF." We treated this as a "REQUEST FOR GRANT OF IMMUNITY" and denied petitioner's motion.↩